**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **VARNELL L. DIGGS** | § | |
| | § | |
| **V.** | § | **NO. A-16-CV-828 LY** |
| | § | |
| **DITECH FINANCIAL, LLC** | § | |

**ORDER AND REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
       UNITED STATES DISTRICT JUDGE

Before the Court are Defendant Ditech Financial, LLC's Supplement to its Motion for New Trial, Dkt. No. 4; Plaintiff Varnell L. Diggs's pleading that "Defendant Motion for New Trail is to be Strickened" [sic], Dkt. No. 5-1, and attached Motion for Sanctions, Dkt. No. 5; Defendant's Responses to Plaintiff's pleadings, Dkt. Nos. 6 and 7; Plaintiff's Motion on the Pleadings, Dkt. No. 8; Defendant's Response to Plaintiff's Motion on the Pleadings, Dkt. No. 10; and Plaintiff's Second Motion on the Pleadings, Dkt. No. 11. The District Court referred this case to the undersigned for rulings on non-dispositive motions, and for report and recommendation on dispositive motions, pursuant to 28 U.S.C. § 636(b)(1)(A) & (B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules.

**I.  BACKGROUND**

Plaintiff Varnel L. Diggs, proceeding pro se, originally filed this action in Travis County District Court asserting a quiet title claim against Ditech Financial, LLC ("Ditech"). Dkt. No. 1-1 at 52. Diggs filed a declaration of service by "regular U.S. mail" to "Ditech Financial, LLC, P.O. Box 6176, Rapid City, SD 57709" on April 4, 2016, which is the address provided on letters from Ditech's complaint department. Dkt. No. 1-1 at 8. Ditech failed to answer or appear in court, and

Diggs moved for default judgment.  *Id.* at 48.  A Travis County District Judge granted the default judgment on May 19, 2016.  *Id.* at 61.

Upon receiving notice of the default judgment, Ditech moved for a new trial, and, shortly after, removed the action to federal court.  Ditech alleges that the default judgment is void under Federal Rule of Civil Procedure 60(b)(4) for lack of personal jurisdiction because Diggs failed to properly serve Ditech.  Diggs responds in multiple motions.

## II.  ANALYSIS

### A.    Void Judgment

Rule 60(b) states that the "court may relieve a party or its legal representative from a final judgment, order, or proceeding" when "the judgment is void."  FED. R. CIV. P. 60(b).  A judgment is void and must be set aside when "a district court lacks jurisdiction over the defendant because of lack of service of process."  *Bludworth Bond Shipyard, Inc. v. M/V Caribbean Wind*, 841 F.2d 646, 649 (5th Cir. 1988).  Courts agree that where a state district court lacked personal jurisdiction for insufficient service of process, a federal court, upon a motion for new trial, must vacate the default judgment.[1]  Thus, the federal court may determine if plaintiff properly served the defendant, and if it finds that the defendant was improperly served, it must vacate the default judgment.

---

[1]*See, e.g.*, *Thompson v. Deutsche Bank National Trust Co.*, 775 F.3d 298, 303 (5th Cir. 2014) (allowing removal of a state court default judgment); *Westlake Legal Group v. Yelp, Inc.*, 599 Fed.Appx. 481, 483 (4th Cir. 2015) (holding that the Rooker-Feldman doctrine did not bar removal); *Price v. Wyeth Holdings Corp.*, 505 F.3d 624, 631 (7th Cir. 2007) (allowing removal of a state court default judgment); *Munsey v. Testworth Labs.*, 227 F.2d 902, 903 (6th Cir. 1955) (finding that "the federal court takes it as though everything done in the state court had in fact been done in the federal court"); *Gray v. Permanent Mission of People's Republic of Congo to United Nations*, 443 F. Supp. 816, 821-22 (S.D.N.Y.), aff'd 580F.2d 1044 (2d Cir. 1978) ("The existence of a default judgment entered by the state court prior to removal should not impede this inquiry. . . .").

1.     <u>Ditech may remove after entry of default judgment</u>

Diggs argues that Ditech does not have standing because this Court lacks subject matter jurisdiction over the dispute.  Though the argument is less than clear, the Court assumes Diggs is challenging Ditech's removal after entry of default judgment, as well as the merits of Ditech's motion for new trial.

Generally, a Rule 60(b)(4) motion does not have a timeliness requirement.  *Bludworth Bond Shipyard*, 841 F.2d at 649.  However, a defendant must still satisfy the requirements for removal.  Under the removal statute, a defendant must file the notice of removal within thirty days of service.  28 U.S.C. § 1446(b)(1).  This requirement begins to "run[] from the date on which [the defendant] is formally served with process," and "an unserved defendant retains the right to remove an action once it learns of the litigation."  *Thompson*, 775 F.3d at 303.  The record is silent on the precise day that Ditech learned of the default judgment, but the state court record reflects that the state court clerk mailed Ditech a postcard notifying it of the entry of an order in the case (the default judgment).  The postcard is postmarked June 3, 2016.  The notice of removal was filed in this Court on June 30, 2016, less than 30 days after the clerk mailed the postcard to Ditech.  The removal was thus timely.

Diggs further argues that this court loses its plenary power seventy-five days after the entry of judgment.  Under the Texas Rules, a defendant must file a motion for new trial within thirty days of the judgment, and if the court does not issue a judgment within seventy-five days, the motion is deemed overruled.  TEX. R. CIV. P. 329b(a), (c).  The court then has another thirty days in which to vacate, modify, correct, or reform the judgment.  *Id.* at 329b(e).  The Texas Rules do not bar the Court from considering Ditech's motion.  First, once a case is removed, the federal, not state, rules apply.  *Bush v. Allstate*, 425 F.2d 393, 395 (5th Cir. 1970).  Therefore, the plenary power of this

court to vacate the default judgment is governed by FED. R. CIV. P. 60.  Second, though a defendant

is bound by Rule 60(b) to file the motion for new trial in a timely manner, six months has been held

to be timely.  *See Recreational Props., Inc.v. Sw. Mortg. Serv. Corp.*, 804 F.2d 311, 314 (5th Cir.

1986).  Ditech has clearly complied with Rule 60.[2]

### 2.    Diggs failed to effectuate proper service on Ditech

A judgment is void under Rule 60(b)(4) when the rendering court lacked personal

jurisdiction over the defendant for improper service of process.  *Recreational Props.*, 804 F.2d at

314.  "Failure to give notice violates 'the most rudimentary demands of due process of law.' "

*Peralta v. Heights Medical Center, Inc.*, 485 U.S. 80, 84 (1988) (quoting *Armstrong v. Manzo*, 380

U.S. 545, 550 (1965)).  Sufficiency of process is evaluated under state law– in this case, Texas.  *City*

*of Clarksdale v. BellSouth Telecomms., Inc.*, 428 F.3d 206, 210 (5th Cir. 2005).  Texas case law

provides that "[t]here are no presumptions in favor of a valid issuance, service, and return of citation

in the face of a [direct] attack on a default judgment."  *Uvalde Country Club v. Martin Linen Supply*

*Co.*, 690 S.W.2d 884, 885 (Tex. 1985).

> Unless the record affirmatively shows, at the time the default judgment is entered,
> either an appearance by the defendant, proper service of citation on the defendant, or
> a written memorandum of waiver, the trial court does not have *in personam*
> jurisdiction to enter a default judgment against the defendant.

*Autozone, Inc. V. Duenes*, 108 S.W.3d 917, 920 (Tex. App.–Corpus Christi 2003, no pet.).

Therefore, "failure to affirmatively show strict compliance with the Rules of Civil Procedure renders

the attempted service of process invalid and of no effect."  *Uvalde*, 690 S.W.2d at 885. Even where

---

[2]Even if the Texas Rules applied to this question, Diggs' argument fails.  Under TEX. R. CIV.
P. 329b(a), a motion for new trial must be filed within thirty days "after the judgment or other order
complained of is signed."  The default judgment was signed on May 19, 2016, and Ditech's motion
for new trial was filed June 17, 2016.  Dkt. No. 1-1 at 61, 64.

a defendant has "actual knowledge" of the suit, a default judgment must still be set aside if the defendant was not properly served. *Wilson v. Dunn*, 800 S.W.2d 833, 837 (Tex. 1990).

To effectuate proper service, plaintiffs must serve the citation by "delivering to the defendant, in person, a true copy of the citation" or by "mailing to the defendant by registered or certified mail, return receipt requested, a true copy of the citation." TEX. R. CIV. P. 106(a). The clerk, "when requested shall forthwith issue a citation and deliver the citation as directed." TEX. R. CIV. P. 99(a). Then, the plaintiff "shall be responsible for obtaining service of the citation and a copy of the petition." *Id.* Service of a citation by mail cannot be made by a party to the suit, but must "be made by the clerk of the court." TEX. R. CIV. P. 103. Furthermore, proper service on an LLC, such as Ditech, must be made on either a "manager of a manager-managed" LLC, a "member of a member-managed" LLC, or its registered agent. TEX. BUS. ORGS. CODE ANN. §§ 5.201, 5.255.

Ditech argues that service was improper for three reasons: (1) Diggs failed to serve the citation on Ditech, (2) Diggs failed to serve the citation and petition on any of Ditech's agents, and (3) Diggs mailed the petition himself in violation of Rule 103. This Court agrees that Diggs failed to properly serve Ditech.

In this case, the record indicates that the citation was not included with the petition. Generally, a party may assume that the clerk will issue and deliver the citation promptly. *Harrell v. Alvarez*, 46 S.W.3d 483, 486 (Tex.App.–El Paso 2001, no pet.). Without proof, "it will not be presumed that the plaintiff did anything to delay the issuance of a citation." *Jackson v. J. R. Neatherlin Corp.*, 557 S.W.2d 327, 328 (Tex.App.–Houston [1st Distr.] 1977, writ ref., n.r.e.). However, "[i]n the absence of proof that the necessary fees were paid, the presumptions could not apply." *Id.* Diggs, in his motion to strike, states that "no citation was processed to be served" at the

time that he mailed the petition, Dkt. No. 5-1 at 2, and the record indicates that he mailed the petition

on the same day as he filed suit, April 4.  Dkt. No.1-1 at 58, 85.  However, the clerk did not issue

the citation until April 7, three days after the petition was mailed, and the same day the petition was

delivered to the P.O. Box.  *Id.* at 85, 88.  Moreover, the citation itself does not show return service

or a paid service fee.  *Id.*  Without evidence that the service fee was paid or return service provided

on the citation, there is no presumption that the citation was delivered by the clerk.  Furthermore,

Diggs has admitted that he did not serve the citation with the petition.

However, even if the citation was delivered, the service of process was still improper.

Service on an LLC, under Texas law, must be made on its registered agent, one of the managers, or

one of  the members.  As provided to the Texas Secretary of State, Ditech's registered agent for

receipt of process in Texas is the CT Corporation System, located at 1999 Bryan St., Suite 900,

Dallas, Texas 75201-3136.  Diggs admits that he mailed the petition to a P.O. Box in South Dakota

registered to Ditech—the same address used on the letters Diggs received from the complaint

department.  This is insufficient under Texas law.  Simply because Diggs "didn't have a full

understanding of Process of Service" does not absolve him of the duty to properly serve the

defendant. Dkt. No. 5-1 at 2; *see Avdeef v. Royal Bank of Scotland*, 616 Fed. App'x 665, 672 (5th

Cir. 2015) (noting that "[t]here is no exception for pro se litigants" in proper service).  Texas law

requires strict compliance with the rules, so service upon the complaint department—even if it gave

actual notice to Ditech—was insufficient to provide personal jurisdiction over Ditech.  *See Uvalde*,

690 S.W.2d at 885;  *Wilson*, 800 S.W.2d at 837.

Finally, Diggs mailed the petition himself, in plain contravention of the Texas rules.  As

noted earlier, if service of process is accomplished by mail, it must be done by the clerk, and may

not be done by a party.  TEX. R. CIV. P. 103.  Diggs' own filing concedes that he mailed the petition. Dkt. No. 1-1 at 58.

      3.    <u>Ditech need not prove a meritorious defense</u>

Diggs further argues that even if he failed to properly serve Ditech, it cannot "capitalize on a procedural defect" without showing a meritorious defense.  Dkt. No. 5 at 2.  Diggs relies on *Craddock v. Sunshine Bus Lines*, 133 S.W.2d 124 (Tex. 1939), which sets out three elements that a defendant must prove to vacate a default judgment; a defendant must show: (1) the failure to answer was an unintentional mistake, (2) defendant has a meritorious defense, and (3) the plaintiff would not suffer an injury.  However, Diggs's reliance on this case is misplaced.  Courts have consistently held that when a motion for new trial is based on a void judgment for improper service of process, a defendant need not prove a meritorious defense.  *See Armstrong*, 380 U.S. at 552; *Peralta*, 485 U.S. at 87.  Instead, "[w]here a person has been deprived of property in a manner contrary to the most basic tenets of due process, 'it is no answer to say that in his particular case due process of law would have led to the same result because he had no adequate defense upon the merits.'"  *Peralta*, 485 U.S. at 86-87 (quoting *Coe v. Armour Fertilizer Works*, 237 U.S. 413, 424 (1915)).  Thus, Ditech is not required to show a meritorious defense to vacate the default judgment.

**B.    Diggs's other objections are baseless**

Diggs offers several other objections to Ditech's motion, including an argument that the case is "time-barred," a request for a judgment on the pleadings, and a request for sanctions against Ditech.

7

1.      "Time-Barred"

Diggs first argues that the Court does not have jurisdiction over this case as the debt is "time-barred." Dkt. No. 5-1 at 6. He claims that "specific performance of a contract for the conveyance of real property" has a four-year statute of limitations. TEX. CIV. PRAC. & REM. CODE ANN. § 16.004. However, Diggs incorrectly relies on this statute. A claim that the statute of limitations has run on a claim is an affirmative defense, and prevents a party from filing suit after the statute has run. Diggs is the plaintiff in this case, so his statute of limitations argument has no relevance to Ditech's ability to challenge the default judgment he obtained in state court. Diggs's limitations argument—if indeed it did apply to any claim or defense Ditech might bring—is not before the court at this time.

2.      Judgment on the Pleadings

Diggs also moves for a judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. Rule 12(c) states that a party may move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." FED. R. CIV. P. 12(c). Pleadings include: a complaint, answer, answer to a counterclaim, answer to a cross-claim, third party complaint, answer to third party complaint, and reply to an answer. *Id.* 7(a). To grant a judgment on the pleadings, "the undisputed facts appearing in the pleadings, supplemented by any facts of which the court will take judicial notice" must "show that no relief can be granted." *J. M. Blythe Motor Lines Corp. v. Blalock*, 310 F.2d 77, 78-79 (5th Cir. 1962). Ditech has not filed an answer yet, so the pleadings are not closed, and the motion is premature.

3.    <u>Sanctions</u>

Finally, Diggs asks for sanctions against Ditech in the amount of $2,000 as well as attorney's fees.  Diggs claims that Ditech is "clearly operating in bad faith, as in harassment, and tying up court docket" because "Ditech Representatives have not presented any evidence in their motion to prove they have a meritorious defense."  Dkt. No. 5 at 5. Diggs relies on Texas Civil Practice and Remedies Code § 10.004(b).  However, the correct rule is FED. R. CIV. P. 11, which states that a court may grant sanctions when a party files a motion for improper purposes, that is frivolous, or is not supported by evidence.  FED. R. CIV. P. 11.  To obtain sanctions under Rule 11, a party must serve the non-moving party with the proposed motion for sanctions twenty-one days before filing with the court and give the party the opportunity to withdraw the offending pleading.  FED. R. CIV. P. 11(c)(2).  Diggs has failed to demonstrate that he complied with this rule.  More the point, even if he had complied, the motion for a new trial is not frivolous; indeed, the Court is recommending that the motion be granted.  There is no basis for an award of sanctions.

## III.  RECOMMENDATION

Based upon the foregoing, the undersigned **RECOMMENDS** that the district judge **GRANT** Ditech's Motion for New Trial (Dkt. No. 4), and **SET ASIDE** the Default Judgment entered by the state court in this matter on May 19, 2016, and **ORDER** that Ditech file a responsive pleading within 21 days of the district judge's order.  **IT IS FURTHER RECOMMENDED** that the district judge **DENY** Diggs's Motion to Strike Defendant's Motion for New Trial (Dkt. No. 5-1), Diggs's Motion on the Pleadings (Dkt. No. 8), and Diggs's Second Motion on the Pleadings (Dkt. No. 11).

**FINALLY,** Diggs's Motion for Sanctions (Dkt. No. 5) is **DENIED.**

9

## IV.  WARNINGS

The parties may file objections to the Recommendations contained above.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections.  *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985);  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 17th day of October, 2016.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE