# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| VARNELL L. DIGGS | § |
| | § |
| V. | §          NO. A-16-CV-828 LY |
| | § |
| DITECH FINANCIAL, LLC | § |

## ORDER AND REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:     THE HONORABLE LEE YEAKEL
          UNITED STATES DISTRICT JUDGE

Before the Court are Defendant's Motion for Summary Judgment (Dkt. No. 18); Plaintiff's Motion for Summary Judgment, In Opposition to Defendant's Summary Judgment (Dkt. No. 19); Defendant's Response (Dkt. No. 20); Plaintiff's Motion for Judgment on the Pleadings (Dkt. No. 21); Defendant's Response (Dkt. No. 24); Plaintiff's Motion for Leave of Court to File His Objection to Defendant's Evidence Attached to Summary Judgment (Dkt. No. 25); Defendant's Response (Dkt. No. 26); and Plaintiff's Motion for Sanctions (Dkt. No. 27). The District Court referred this case to the undersigned for rulings on non-dispositive motions, and for report and recommendation on dispositive motions, pursuant to 28 U.S.C. § 636(b)(1)(A) & (B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules.

## I. BACKGROUND

Plaintiff Varnel L. Diggs, proceeding pro se, brings this action asserting quiet title to remove the lien held by Defendant Ditech Financial, LLC (Ditech). On February 14, 2007, Diggs executed a Home Equity Note with USAA Federal Savings Bank. The Deed of Trust was assigned to GMAC Mortgage, LLC. Since November 2010, Diggs has failed to make his monthly payments on the loan. Thus, on April 18, 2011, the note was accelerated. On February 1, 2013, the Deed of Trust was

assigned to Green Tree Servicing, LLC (Green Tree). Then, on June 4, 2013, Green Tree sent a notice of default to Diggs. The notice of default allowed Diggs to cure the default by paying less than the full amount of the loan and provided notice of an intent to accelerate if not paid. Green Tree subsequently changed its name to Ditech. To date, neither Ditech nor its predecessors have moved to foreclose on Diggs's property.

Diggs originally filed this action in Travis County District Court asserting a quiet title claim against Ditech Financial, LLC ("Ditech"). Dkt. No. 1-1 at 52. Diggs alleged that because Ditech has failed to foreclose on the loan within four years after the acceleration, the lien is invalid. Ditech failed to answer or appear in court, and Diggs moved for default judgment. *Id.* at 48. A Travis County District Judge granted the default judgment on May 19, 2016. *Id.* at 61. Upon receiving notice of the default judgment, Ditech moved for a new trial, and, shortly after, removed the action to federal court. This Court granted a new trial, and the parties filed cross motions for summary judgment on Diggs's claim for quiet title.

## II. LEGAL STANDARD[1]

Summary judgment shall be rendered when the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S.

---

[1] Diggs moved first for summary judgment, but filed a second motion for judgment on the pleadings. Dkt. No. 21. As the Court is considering evidence outside the pleadings, the Court will address the arguments as a motion for summary judgment.

242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Washburn*, 504 F.3d at 508. Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254-55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita*, 475 U.S. at 586. Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *Id.* The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006). If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

### III. ANALYSIS

Under Texas law, "[a] suit to clear or quiet title— also known as suit to remove cloud from title—relies on the invalidity of the defendant's claim to the property." *Essex Crane Rental Corp. v. Carter*, 371 S.W.3d 366, 388 (Tex. App.—Houston [1st Dist.] 2012, pet. denied). This equitable

action "exists to 'enable the holder of the feeblest equity to remove from his way to legal title any unlawful hindrance having the appearance of better right.'" *Hahn v. Love*, 321 S.W.3d 517, 521 (Tex. App.—Houston [1st Dist.] 2009, pet. denied) (quoting *Thomson v. Locke*, 66 Tex. 383, 1 S.W. 112, 115 (1886)). The elements of a quiet-title claim are "(1) an interest in a specific property; (2) title to the property is affected by a claim by the defendant; and (3) the claim, although facially valid, is invalid or unenforceable." *Cruz v. CitiMortgage, Inc.*, No. 11–cv–2871, 2012 WL 1836095, at *4 (N.D. Tex. May 21, 2012) (citing *Sadler v. Duvall*, 815 S.W.2d 285, 293 n.2 (Tex. App.—Texarkana 1991, writ denied)).

A. **Four Year Limitations Period**

Diggs contends that the lien is invalid because Ditech failed to bring suit for foreclosure within four years after the note was accelerated. Under Texas law, "[a] person must bring suit for the recovery of real property under a real property lien or the foreclosure of a real property lien not later than four years after the day the cause of action accrues" after which "the real property lien and a power of sale to enforce the real property lien become void." TEX. CIV. PRAC. & REM. CODE ANN. § 16.035(a), (d).[2] A cause of action accrues under Section 16.035 "when the holder actually exercises its option to accelerate." *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566 (Tex. 2001). However, "a holder can abandon acceleration if the holder continues to accept payments without exacting any remedies available to it upon declared maturity." *Id.* at 566-67. Abandonment "has the effect of restoring the contract to its original condition," thereby "restoring the note's

---

[2]Diggs filed this suit alleging quiet title based on the statute of limitations under Section 16.004. This section provides that "specific performance of a contract for the conveyance of real property" has a four-year statute of limitations. TEX. CIV. PRAC. & REM. CODE ANN. § 16.004. Section 16.035 is the relevant statute.

original maturity date" for purposes of accrual. *Khan v. GBAK Props.*, 371 S.W.3d 347, 353 (Tex. App.—Houston [1st Dist.] 2012, no pet.).

Neither party disputes that Diggs is in default on the loan, and has been since November 2010. Moreover, the lien was accelerated in April 2011 by notice given pursuant to Texas statutes. Rather, the parties dispute whether the acceleration was abandoned by the subsequent notice of default. Diggs argues first that the notice of default is insufficient to unilaterally abandon the acceleration. Even if sufficient, Diggs contends that he never received the notice of default. Additionally, he argues that Ditech falsified the notice of default and that the affidavit provided by Ditech cannot evidence delivery.

First, Diggs does not dispute that a lender may unilaterally abandon the acceleration of a note. *See Boren v. U.S. Nat'l Bank Ass'n*, 807 F.3d 99,105 (5th Cir. 2015) ("Texas' intermediate appellate courts are in agreement that the holder of a note may unilaterally abandon acceleration after its exercise, so longs [sic] as the borrower neither objects to abandonment nor has detrimentally relied on the acceleration."); Dkt. No. 19 at 4. The Texas Supreme Court had not yet decided this issue, but the Fifth Circuit in *Boren* made an "*Erie* guess." *Boren*, 807 F.3d at 105. After analyzing a number of Texas Court of Appeals cases—all of which came to the same conclusion—the court in *Boren* held that

> a lender may abandon its acceleration of a note, thereby restoring the note to its original condition . . . by sending notice to the borrower that the lender is no longer seeking to collect the full balance of the loan and will permit the borrower to cure its default by providing sufficient payment to bring the note current under its original terms.

*Id.* This "manifest[s] an intent to abandon the previous acceleration." *Id.* at 106. Therefore, "the statute of limitations period under § 16.035(a) cease[s] to run at that point and a new limitations

5

period [does] not begin to accrue until the [owner] default[s] again and [the bank] exercise[s] its right to accelerate thereafter." *Id.*

Diggs argues that the notice of default in this case is insufficient to unilaterally abandon the acceleration. The Court disagrees. The notice of default sent by Ditech is nearly identical to the notice from *Boren*. It states: "Within thirty (30) days from the date of this notice you may cure your default by sending the total amount [in default] or you may cure your default by completing a modification or repayment agreement arranged" through the loan servicer. Dkt. No. 18, Exh. A-2 at 1. Further, if the owner "fail[s] to cure [his] default within 30 days from the date of this notice, the maturity of this loan is accelerated." *Id.* As in *Boren*, Ditech sent notice that it was collecting a payment less than the full amount of the loan. This restores the loan's original maturity date and is sufficient to abandon the previous acceleration.

Next, Diggs argues that even if the notice of default is sufficient to abandon the acceleration, he never received it. However, Texas law does not require receipt. *See Martins v. BAC Home Loans Servicing*, 722 F.3d 249, 256 (5th Cir. 2013). Rather,

> [s]ervice of a notice under this section by certified mail is complete when the notice is deposited in the United States mail, postage prepaid and addressed to the debtor at the debtor's last known address. The affidavit of a person knowledgeable of the facts to the effect that service was completed is *prima facie* evidence of service.

TEX. PROP. CODE § 51.002(e) (emphasis in original). Moreover, a "bald allegation that [the owner] did not receive the required . . . notice[]" does not raise a genuine fact dispute sufficient to survive a motion for summary judgment. *Bassknight v. Deutsche Bank Nat'l Trust Co.*, 2014 WL 6769085, at *5-6 (N.D. Tex. Dec. 1, 2014); *see also Garza v. Bank of Am., N.A.*, 2016 WL 950963, at *4 (W.D. Tex. Mar. 7, 2016).

6

Here, Diggs' sole evidence that the notice of default was not delivered is that Ditech failed to include the "green card with a signature" from the certified mail receipt. However, the included paid mailing label addressed correctly and supported by an affidavit from a Ditech representative is sufficient to evidence delivery of the notice of default. *See Hutchinson v. Bank of Am., N.A.*, No. CIV-A-H-12-3422, 2013 WL 5657822, at *3 (S.D. Tex. Oct. 16, 2013) (not requiring "the certified mail return receipt issued with the notice"). To rebut this prima facie evidence, Diggs must show a genuine dispute of material fact. Arguing that the "green card" was required—when the law clearly states otherwise—is insufficient. *See Harris v. U.S. Bank Nat'l Ass'n*, No. 2015 WL 865483, at *4 (E.D. Tex. Feb. 26, 2015) ("Actual receipt is simply not relevant to any claims here.").

Alternatively, Diggs argues that both the notice of default and mailing label were falsified.[3] To support this assertion, he offers two arguments. First, he provides a letter from Ditech which verified the dates of a number of communications; the date of the notice of default was not included in this list. This argument is unpersuasive. The letter specifically notes that Diggs was "previously provided debt validation information for the referenced account" on those dates, not that this letter included dates of all previous communications. A notice of default would therefore not be included. Similarly, Diggs's argument that he would have replied to the notice disputing the debt is also unpersuasive. To begin with, in the above letter, it notes that debt validation information was provided on 7/31/13—shortly after the notice of default was sent to Diggs. Additionally, as discussed previously, the certified mail return receipt is not required; its absence would therefore not indicate that the mailing label was falsified.

---

[3]This argument was included in an Exhibit to Diggs' request for leave to file objections to the Ditech's evidence. As the Court is considering Diggs's objections, the Court **GRANTS** Plaintiff's Request for Leave to File (Dkt. No. 25).

Finally, Diggs argues that the affidavit provided by Bradford W. Hardwick, Corporate Litigation Representative of Ditech, is inadmissible hearsay. He argues that the affidavit failed to specify if Hardwick worked at Ditech at the time the notice was mailed and therefore cannot establish that he had personal knowledge of the notice of default. However, "[a]n affidavit can adequately support a motion for summary judgment when the affiant's personal knowledge is based on a review of her employer's business records and the affiant's position with the employer renders her competent to testify on the particular issue which the affidavit concerns." *Kittler v. GMAC Mortg., LLC*, 2013 WL 329436, at *4 (S.D. Tex. June 28, 2013). Hardwick's position at Ditech makes him a competent representative to testify to his review of the business records regarding Diggs's account and offer an affidavit to this effect. The affidavit therefore suffices to establish that the notice is a business record, which would present prima facie evidence of abandonment of the acceleration. As such, Diggs has failed to show a genuine dispute of material fact sufficient to survive summary judgment.

**B.     Laches**

Diggs also argues that the lien is invalid because of laches. Laches protects against an "inexcusable dely in asserting an equitable right resulting in injury to the opposing party." *Teledyne Isotopes, Inc. v. Bravenec*, 640 S.W.2d 387, 390 (Tex. App.—Houston [1st Dist.] 1982, writ ref'd, n.r.e.). Here, Diggs is attempting to use laches—a defense—as a cause of action. Ditech is not "asserting" any right; rather, it is merely defending against Diggs's suit for quiet title. *See Prappas v. Meyerland Cmty. Imp. Ass'n*, 795 S.W.2d 794, 800 (Tex. App.—Houston [14th Dist.] 1990, writ denied) ("[L]aches is a defense and not a cause of action. . . . [I]t turns laches on its head to

8

transform the doctrine into a basis for bringing this derivative lawsuit."). Thus, Diggs cannot assert laches.

**C.    Unclean Hands**

Similarly, Diggs cannot rely on the doctrine of unclean hands. Texas courts have held that "a party seeking an equitable remedy must do equity and come to court with clean hands." *Truly v. Austin*, 744 S.W.2d 934, 938 (Tex. 1988). Diggs argues that equitable relief for Ditech should be denied because it has unclean hands. Not only does Diggs fail to provide any indication that Ditech has unclean hands, Ditech is not asserting a claim for foreclosure at this point. Unclean hands is a defense, not a cause of action. *See Cook-Bell v. Mortgage Elec. Registration Sys., Inc.*, 868 F. Supp. 2d 585, 592 (N.D. Tex. 2012) (finding that unclean hands, among other defenses "are not claims upon which relief may be granted"). Diggs is thus not defending against any claims to which he may use the defense. Therefore, this argument also fails.

**D.    Fraud on the Court**

Diggs lastly asserts that Ditech has committed fraud on the court by submitting the allegedly falsified mailing label and letter. As discussed previously, Diggs has not shown that the mailing label or letter were falsified.[4] There is therefore no misrepresentation, and this claim also fails.

### III. RECOMMENDATION

The Court **RECOMMENDS** that the District Judge **GRANT** Defendant's Motion for Summary Judgment (Dkt. No. 18), **DENY** Plaintiff's Motion for Summary Judgment (Dkt. No. 19), Plaintiff's Motion for Judgment on the Pleadings (Dkt. No. 21), and Plaintiff's Motion for Sanctions

---

[4]Diggs alleged both unclean hands and fraud on the court claims in the Motion for Judgment on the Pleadings, but it is not clear that either was a claim alleged in the Complaint. Regardless, for the reasons set forth above, neither claim survives.

9

(Dkt. No. 27), and **ENTER JUDGMENT** for Ditech that Diggs take nothing on his claim to quiet title.

## IV.  WARNINGS

The parties may file objections to the Recommendations contained above.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections.  *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985);  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 28th day of April, 2017.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE